# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-397V

Filed: February 27, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| RAYMOND MARKARIAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Damages; Tetanus, |
| | * | Diphtheria, Acellular Pertussis ("Tdap") |
| SECRETARY OF HEALTH | * | Vaccine; Shoulder Injury Related to |
| AND HUMAN SERVICES, | * | Vaccine Administration ("SIRVA"); |
| | * | Brachial Neuritis; Proffer. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

*Bridget McCullough, Esq.*, Muller Brazil LLP, Dresher, PA, for petitioner.
*Claudia Gangi, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On March 15, 2018, Raymond Markarian ("Mr. Markarian" or "petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petition, ECF No. 1. Petitioner then filed an amended petition on June 11, 2018, alleging that he suffered brachial neuritis as a result of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine he received on November 11, 2016. *See* Amended Petition, ECF No. 17. On December 28, 2022, I issued a ruling on entitlement finding that petitioner was entitled to compensation. *See* Ruling on Entitlement, ECF No. 54.

Respondent filed a proffer on February 27, 2023, agreeing to issue the following payment:

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

>**A lump sum payment of $70,000.00,** representing compensation for all damages that would be available under § 300aa-15(a).

Proffer, ECF No. 57.

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

>**s/ Mindy Michaels Roth**
>Mindy Michaels Roth
>Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

RAYMOND MARKARIAN,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

18-397V
Special Master Roth
ECF

## PROFFER ON AWARD OF COMPENSATION

On December 11, 2020, petitioner filed a Motion for a Ruling on the Record ("Motion") arguing that he has established entitlement to compensation for both a shoulder injury related to vaccine administration and brachial neuritis as a result of receiving the TDaP vaccination on November 11, 2016.  ECF No. 46.  Respondent filed his Response to Petitioner's Motion on January 25, 2021, recommending that entitlement to compensation be denied.  ECF No. 48.  On December 28, 2022, Special Master Roth issued a Ruling on the Record concluding that petitioner is entitled to compensation under the Vaccine Act.[1]   ECF No. 54.

**I.**    **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $70,000.00, which represents all elements of compensation to which petitioner would be entitled

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's December 28, 2022, entitlement decision.

under 42 U.S.C. § 300aa-15(a).[2]  Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $70,000.00, in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4138
Email: claudia.gangi@usdoj.gov

Dated:  February 27, 2023

---

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.